**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1709**

---

JENNIFER BILLS, on behalf of A.B.; KAREN ALTOBELLO, on behalf of T.A.; JOHN TIGNOR, on behalf of W.T.; DIANA DUPLANTIER, on behalf of A.D.; JOLEEN BOOTH, on behalf of J.T.,

                Plaintiffs – Appellants,

       v.

VIRGINIA DEPARTMENT OF EDUCATION; CHESTERFIELD COUNTY PUBLIC SCHOOLS; CHESAPEAKE PUBLIC SCHOOLS; VIRGINIA BEACH CITY PUBLIC SCHOOLS; ALEXANDRIA CITY PUBLIC SCHOOLS; LOUDOUN COUNTY PUBLIC SCHOOLS; JILLIAN BALOW, in her official capacity; AMHERST COUNTY PUBLIC SCHOOLS; GREGORY C. HUTCHINGS, JR., in his official capacity; MERVIN B. DAUGHERTY, Ed. D., in his official capacity; JARED COTTON, in his official capacity; SCOTT A. ZIEGLER, in his official capacity; AARON C. SPENCE, in his official capacity

                Defendants – Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:21-cv-00051-NKM-RS)

---

ARGUED:  November 1, 2024               Decided: November 20, 2024

---

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

---

Affirmed as modified by unpublished per curiam opinion.

**ARGUED:** Elizabeth Anne Fuller, BRAIN INJURY RIGHTS GROUP, New York, New York, for Appellants. John F. Cafferky, BLANKINGSHIP & KEITH, P.C., Fairfax, Virginia; David Wayne Hearn, SANDS ANDERSON, PC, Richmond, Virginia; Martin Jordan Minot, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; for Appellees. **ON BRIEF:** Rory J. Bellantoni, David J. Markese, BRAIN INJURY RIGHTS GROUP, New York, New York, for Appellants. Jason S. Miyares, Attorney General, Charles H. Slemp, III, Chief Deputy Attorney General, Andrew N. Ferguson, Solicitor General, Erika L. Maley, Principal Deputy Solicitor General, Graham K. Bryant, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees Virginia Department of Education and Jillian Balow. Michael K. Kim, Joshua H. Ontell, BLANKINGSHIP & KEITH, P.C., Fairfax, Virginia; Jason H. Ballum, SANDS ANDERSON PC, Richmond, Virginia, for Appellees School Board Defendants.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiffs herein, who are parents of children with disabilities who were attending Virginia schools during the COVID-19 pandemic, pursue this appeal from the June 2022 dismissal by the Western District of Virginia of their 10-count Complaint. *See Bills v. Virginia Dep't of Educ.*, 605 F. Supp. 3d 744 (W.D. Va. 2022) (the "Opinion"). The Complaint alleged 10 claims — seven federal claims and three state law claims — and named 13 defendants, i.e., the Virginia Department of Education; plus six Virginia school districts, that is, the Chesterfield County Public Schools, the Chesapeake County Public Schools, the Virginia Beach City Public Schools, the Alexandria City Public Schools, the Loudoun County Public Schools, and the Amherst County Public Schools; plus the Superintendent of each of those school districts in their official capacities; and also the Superintendent of Public Instruction of Virginia, in his or her official capacity. More specifically, the 10 alleged causes of action were as follows:

- Count One: a federal claim under the Individuals with Disabilities Act (the "IDEA"), 20 U.S.C. § 1401, *et seq*.;

- Count Two: a state claim under title 8, sections 20-18-10, *et seq*., of the Virginia Administrative Code;

- Count Three: a federal claim under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) and 34 C.F.R. § 104.4(a);

- Count Four: a federal claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and 28 C.F.R. § 35.104;

- Count Five: a state claim under sections 2.2-3900–03 of the Code of Virginia;

3

- Count Six: a state claim under the Virginians with Disabilities Act, sections 51.5-1 of the Code of Virginia;

- Count Seven: a federal claim under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983;

- Count Eight: a federal claim under the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983; and,

- Counts Nine and Ten: federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 28 U.S.C. §§ 1962–1968.

*See* Opinion, 605 F. Supp. 3d at 750. As remedies, the Complaint requested, inter alia, a declaratory judgment, an injunction, nominal damages, punitive damages, attorneys' fees, costs, assignment of a RICO special monitor to audit and oversee the defendants' expenditures, plus compensation in the form of an additional year of education or more for each impacted student, or a voucher to address losses of educational time.

The defendants — in multiple separate motions — moved for dismissal of each count of the Complaint for either the lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, or for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of those Rules. By its Opinion, the district court dismissed each and every count of the Complaint with prejudice. More specifically, it dismissed Counts One through Eight under Rule 12(b)(1), and it dismissed Counts Nine and Ten under Rule 12(b)(6). The plaintiffs then timely filed this appeal, contending that the district court had fatally erred in dismissing the claims in their Complaint.

On November 1, 2024, during oral argument of this appeal in Richmond, counsel for the plaintiffs admirably conceded to this Court that the district court's Opinion had properly dismissed all the claims alleged in the Complaint except the IDEA claim (Count

4

One) and the section 504 claim (Count Three). That is, the plaintiffs have conceded that the Opinion resolved all their claims except Count One and Count Three. The terms of those concessions were, *in haec verba*, "we will concede on everything except IDEA and 504." Oral Arg. 16:30–16:42.

In making its rulings, the Opinion recognized that the plaintiffs had failed to satisfy the requirements of Rules 12(b)(1) and 12(b)(6), and recited that:

> The Court holds that plaintiffs have not pled an exception to the IDEA's exhaustion requirement, so the Court will dismiss all claims alleging a denial of a [free appropriate public education] meaning that the Court will dismiss Counts One through Eight on exhaustion grounds.

Opinion, 605 F. Supp. 3d at 755. That is, Count One and Count Three — the only counts not conceded — were dismissed by the district court under Rule 12(b)(1) for lack of subject matter jurisdiction, i.e., for failure to exhaust administrative remedies. In the Opinion, the court properly relied on our then-precedent that the exhaustion requirement was jurisdictional. Since the Opinion, however, we have adopted a different rule. *K.I. v. Durham Pub. Schools Bd. of Educ.*, 54 F.4th 779, 790–92 (4th Cir. 2022) (explaining that IDEA's exhaustion requirement is no longer jurisdictional). As a result, Count One and Count Three are now more appropriately dismissed under Rule 12(b)(6), and without prejudice. We therefore modify the dismissals of Count One and Count Three accordingly.

Having thoroughly assessed the record on appeal, including the various briefs and arguments of counsel, and having accepted the concessions of counsel for the plaintiffs during oral argument, we are satisfied that the district court did not err in making its rulings.

5

We are also otherwise satisfied to adopt the court's carefully crafted and well-reasoned Opinion. We therefore affirm the judgment as modified.

*AFFIRMED AS MODIFIED*